```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

**JOE HENRY SCOTT, III,**          :

    **Plaintiff,**                  :

**vs.**                             :
                                        **CIVIL ACTION 09-00610-WS-B**
**J.O. DAVIS CORRECTIONAL**         :
**FACILITY,** *et al.***,**
                                    :
    **Defendants.**
                                    :

## REPORT AND RECOMMENDATION

Plaintiff Joe Henry Scott, III filed the instant 42 U.S.C. Section 1983 action while housed at GK Fountain Correctional Center. Presently pending before the Court is Plaintiff's Motion for a Restraining Order (Doc. 6). Plaintiff's motion has been referred to the undersigned Magistrate Judge for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2, and the standing order of general reference. Based upon a review of Plaintiff's Motion, it is recommended that the Motion be DENIED.

In his Motion, Plaintiff alleges that various officials at GK Fountain Correctional Center assaulted him and refused to feed him, and he requests that the Court enter an Order restraining their conduct. Subsequent to the filing of his Motion, Plaintiff, on January 4, 2010, filed a notice of address change with the Court and provided a "free-world" address (Doc. 7). Because Plaintiff has been released and is no longer incarcerated at the GK Fountain

Correctional Center, his motion is MOOT.  See <u>Spears v. Thigpen</u>, 846 F.2d 1327, 1328 (11th Cir. 1988); <u>Larkin v. Lawrence</u>, 2009 U.S. Dist LEXIS 83002 (S.D. Ga. Sept. 11, 2009). Accordingly, the undersigned recommends that Plaintiff's motion be denied as MOOT.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **20th** day of **January, 2009.**

                                  <u>/s/ Sonja F. Bivins</u>
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within **fourteen** days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[1]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

2.      **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

                                                    /S/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**